IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raekwon Keontre Ricardo,                )<br>                                                                )<br>                          Plaintiff,          )<br>                                                                )     Civil Action No. 2:23-cv-3369-BHH<br>v.                                                             )<br>                                                                )                    **ORDER**<br>Scarlett A. Wilson, John R. Mullen,   )<br>Adasha L. Clarke, J. Eric Crowe,       )<br>                                                                )<br>                          Defendants.    )<br>_____ ) | |

      This matter is before the Court upon Plaintiff Raekwon Keontre Ricardo's ("Plaintiff") amended complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

      On September 11, 2023, the Magistrate Judge issued a proper form order giving Plaintiff a time frame to bring the case into proper form, and Plaintiff partially complied with the order. (ECF No. 4.)

      On February 23, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action for lack of jurisdiction and for failure to state a federal claim against Defendants. The Magistrate Judge also recommends dismissal of Plaintiff's claims against Defendants Wilson and Mullen on the basis of prosecutorial immunity, and she recommends that the Court decline to exercise supplemental jurisdiction over any state law claims. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no

objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action without prejudice, without further leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 14, 2024
Charleston, South Carolina